IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LATOYA WRIGHT, | ) |
| | ) |
| Plaintiff, | ) 1:18-cv-00590 |
| | ) |
| v. | ) |
| | ) |
| FIRST ADVANTAGE BACKGROUND | ) |
| SERVICES CORP., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, LATOYA WRIGHT, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against FIRST ADVANTAGE BACKGROUND SERVICES CORP., the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.   LATOYA WRIGHT, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Indianapolis, County of Marion, State of Indiana.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. FIRST ADVANTAGE BACKGROUND SERVICES CORP., (hereinafter, "Defendant"), is a business entity that provides employment screening services to various third-parties.

7. Defendant is registered as a corporation in the State of Indiana and has its principal place of business located at 1 Concourse Parkway NE, Suite 200, Atlanta, GA, 30328.

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## IV. ALLEGATIONS

11. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13. Among other things, Defendant sells consumer reports to employers who wish to screen job applicants.

14. Some of the consumer reports Defendant sells to employers contain information regarding a job applicant's criminal arrest and conviction history.

15. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16. As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17. On or about January 10, 2018, Plaintiff applied for a position of employment with KELLY SERVICES.

18. Subsequent to submitting her application of employment to KELLY SERVICES, Plaintiff had an interview with a representative from KELLY SERVICES.

19. On or about January 10, 2018, subsequent to Plaintiff's interview with KELLY SERVICES, KELLY SERVICES offered Plaintiff a position of employment; said offer was contingent upon Plaintiff successfully passing a background screening.

20. As part of its routine background check on its prospective employees, KELLY SERVICES requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

21. On or about January 12, 2018, Defendant prepared and sold a consumer report to KELLY SERVICES, purportedly regarding the character and general reputation of Plaintiff.

22. The aforementioned consumer report contained public record information that indicated that Plaintiff had a felony conviction for embezzlement.

23. Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

24. The inaccurate information of which Plaintiff complains is a putative felony conviction for embezzlement.

25. Plaintiff has never been arrested, tried or convicted of the criminal offense that appeared in the background report prepared by Defendant.

26. Specifically, Plaintiff asserts that Defendant mismatched criminal background history with another individual named Latoya Wright, that she is not said individual, and that she has never been convicted of the offenses as reported by Defendant.

27. Despite the foregoing, Defendant has disseminated consumer reports containing the aforesaid inaccurate information to various third-parties, including KELLY SERVICES.

28. The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

29. The background reports have been and continue to be disseminated to various persons and potential employers, both known and unknown.

30. As of the result of the inaccurate information reported by Defendant to KELLY SERVICES, Plaintiff was not offered the position of employment.

31. On January 16, 2018, Plaintiff disputed the inaccurate information with Defendant by oral communication with its representatives and by following Defendant's established procedure for disputing consumer credit information. Further, Defendant requested that Plaintiff submit her identification to Defendant for review and to assist it in its investigation.

32. On January 16, 2018, Plaintiff sent Defendant a copy of her drivers license.

33. Notwithstanding Plaintiff's efforts, Defendant has not responded to Plaintiff's dispute.

34. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of Plaintiff's dispute(s) as required by the FCRA.

35. Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character and general reputation yet said report contained information regarding an unknown third party.

36. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to KELLY SERVICES and other unknown third parties.

37. Plaintiff has been damaged, and continues to be damaged, in the following ways:

 a. Temporary loss of employment opportunity;

 b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

38. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

39. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

 a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

 b. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

5

    c. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    e. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

40. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V. JURY DEMAND

41. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LATOYA WRIGHT, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Punitive damages;

    d. Plaintiff's attorneys' fees and costs; and,

    e. Any other relief deemed appropriate by this Honorable Court.

                                          Respectfully submitted,
                                          **LATOYA WRIGHT**

                                  By:    s/ David M. Marco
                                          Attorney for Plaintiff

Dated: February 28, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:     (888) 418-1277
E-Mail:        dmarco@smithmarco.com